Ann Wroblewski, Appellant, v. Hillman's, Inc., a Corporation, Appellee.

Gen. No. 48,826.

First District, Second Division.
September 17, 1963.

Walter Hamilton, of Chicago, for appellant.

Lord, Bissel and Brook, of Chicago (John O'Meara and Richard E. Mueller, of counsel), for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court:

Plaintiff brought suit against Hillman's, Inc., for personal injuries alleged to have been sustained when she slipped on a vegetable leaf near the check-out counter of defendant's retail food store. The trial court granted defendant's motion for a directed verdict at the end of plaintiff's case, denied her post-trial motion, and entered judgment accordingly, from which plaintiff appeals.

The salient facts disclose that on Saturday, April 16, 1955, plaintiff, accompanied by her six-year-old daughter, went shopping at Hillman's at 28 West Washington Street in Chicago. The store was operated on a self-service basis, except for a few departments. After plaintiff had paid for her purchases at the check-out counter and gone through the exit turnstile, she realized she had forgotten to purchase bakery goods. Consequently, she left her shopping bag with her daughter, who sat on a bench near the counter, and started toward the entrance turnstile. Before she reached the turnstile her left heel came in contact with a vegetable leaf, and she fell down. Defendant's store manager had plaintiff sit down on a bench, picked up the vegetable leaf, and notified plaintiff's sister, who at that time was an employee in the store. Plaintiff's sister

took her home in a cab, and after plaintiff reached her house she took some aspirin and went to bed. The nature and extent of plaintiff's injuries are not relevant to this appeal, and will not be discussed.

■ Defendant's motion for a directed verdict was predicated upon plaintiff's failure to show either that the vegetable leaf in question was dropped by one of defendant's servants or that it had been in place for a sufficient length of time to charge defendant with constructive notice of its presence on the floor. It is our opinion that defendant's motion correctly stated the applicable Illinois law. Olinger v. Great Atlantic & Pacific Tea Co., 21 Ill2d 469, 474, 173 NE2d 443 (1961), a leading case, states the rule as follows:

> "Where a business invitee is injured by slipping on a foreign substance on the premises, liability may be imposed if the substance was placed there by the negligence of the proprietor or his servants, or, if the substance was on the premises through acts of third persons or there is no showing how it got there, liability may be imposed if it appears that the proprietor or his servant knew of its presence, or that the substance was there a sufficient length of time so that in the exercise of ordinary care its presence should have been discovered. Davis v. South Side Elevated Railroad Co., 292 Ill 378; Pabst v. Hillmans, 293 Ill App 547; Schmelzel v. Kroger Grocery and Baking Co., 342 Ill App 501; Annotation, 61 ALR2d 6 et seq."

With reference to determining what circumstantial evidence is sufficient to sustain a reasonable inference that the foreign matter was present on defendant's premises through the act of defendant or his servants, the court said (p 475):

> "[E]ven where there is proof that the foreign substance was related to defendant's business, but no

further evidence is offered other than the presence of the substance and the occurrence of the injury, defendant is entitled to a directed verdict, such evidence being insufficient to support the necessary inference. Jones v. Kroger Grocery and Baking Co., 273 Ill App 183; Schmelzel v. Kroger Grocery and Baking Co., 342 Ill App 501."

■ In the instant case there is no evidence in the record as to the length of time the vegetable leaf had been in place prior to plaintiff's fall; no evidence that anyone observed it on the floor for any length of time prior to the fall; no evidence as to its condition before or after plaintiff slipped on it. Accordingly, there is no evidence from which a jury might infer that the vegetable leaf had been in place for a sufficient length of time to charge defendant with constructive notice of its presence on the floor.

Plaintiff asserts, however, that a jury might reasonably find that the leaf in question came to rest on the floor through the negligence of defendant's employees. She argues that the leaf on which she slipped may have fallen from an empty shopping cart as one of defendant's employees jostled it into position for reuse by incoming customers. There is no evidence to support plaintiff's speculation on this point. Even if we were to assume that such rearrangement did take place, the record before us is devoid of any evidence as to where these carts were located, or of any evidence that they were jostled about in the vicinity of plaintiff's fall. Moreover, even if there were such evidence before us, it would be wholly speculative to assume that the leaf in question fell from a shopping cart under defendant's control rather than from a parcel carried by a departing customer, since it appears from the evidence that plaintiff's fall occurred past the check-out counter and entrance turnstile in a passageway apparently used by customers entering and leaving the store. Thus, while

it is reasonable to assume that "a vegetable leaf" (this being its only description in the record) was related to defendant's operation of its grocery store, there is no basis in the evidence for an inference that it was dropped by an employee of defendant rather than by a third person. Under the authority of the Olinger case we are of opinion that the trial court's direction of a verdict for defendant was proper.

Notwithstanding the Olinger case, plaintiff argues that a jury might properly find negligence in defendant's failure to prewrap all vegetables so as to prevent any possibility that vegetable matter might fall to the floor and create a walking hazard for the patrons of the store. Plaintiff's evidence does show that customers placed unwrapped vegetables in shopping carts prior to their being "bagged" by defendant's employees. However, there is no evidence before us which indicates that this practice was unusual or created hazardous conditions for the patrons of the store. There is nothing in the record which indicates that falls on vegetable matter were of such frequent occurrence as to warrant the extraordinary protective measure which plaintiff urges us to impose. We are not disposed to hold that all vegetables must be wrapped before being placed in carts, nor are we disposed to change the law of storekeeper's liability by holding that failure to prepackage all vegetables will for that reason alone render a storekeeper liable for any falls on such matter. A storekeeper is not the insurer of his customer's safety. Olinger v. Great Atlantic & Pacific Tea Co., 21 Ill2d 469, 476, 173 NE2d 443 (1961). Except in extraordinary circumstances not relevant here, the law does not require that one employ the safest of all possible procedures in order to avoid tort liability. Watts v. Bacon & Van Buskirk Glass Co., 18 Ill2d 226, 232, 163 NE2d 425 (1960).

No convincing reason for reversal having been shown, the judgment of the trial court is affirmed.

Judgment affirmed.

BURKE, PJ and BRYANT, J, concur.