COULA PAPADATOS, Plaintiff-Appellee, *v.* NATIONAL TEA COMPANY, Defendant-Appellant.

(No. 58430; ▮▮▮▮▮▮▮

First District (5th Division)—July 26, 1974.

Robert W. Karr, of Pretzel, Stouffer, Nolan & Rooney, of Chicago (Joseph B. Lederleitner, of counsel), for appellant.

Alan M. Depcik and Kenneth A. Helmin, both of Katz, Karacic & Mansfield, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

A jury awarded plaintiff $10,000 for personal injuries sustained in a fall in defendant's parking lot adjacent to its store. On appeal, defendant contends the evidence failed to establish any negligence on its part and that

the trial court should have directed a verdict in its favor or entered judgment notwithstanding the verdict.

It appears that plaintiff parked her car in defendant's lot on a late afternoon in May and, as she walked toward the store entrance, stepped on something round which caused her to twist her ankle and fall forward. She testified that the pavement was a combination of asphalt and pressed stone and that there was a large hole about 2 feet in circumference in the surface of the lot and on prior occasions she had observed that when automobiles drove through the hole, stones were thrown from the hole onto the pavement adjoining it.

Plaintiff further testified that she was about 2 feet from a manhole cover when she first started to slip, and she stumbled forward about 10 feet before falling. She did not see the object that she stepped on, nor did she know whether it was a stone, pebble or some other object. Neither could she say how the object happened to be there or how long it had been on the ground. She testified that it felt like a foreign object, a foreign stone, and that "It was more of a round object." After she fell, she looked back and saw papers, stones and glass in the area of her fall. Photographs taken 5 days later were identified as portraying the condition of the area at the time of the occurrence. They show the hole described by plaintiff and also that loose pieces of stone were in the hole and on portions of the pavement adjacent thereto.

Defendant's store manager testified that the lot was swept every Monday, Thursday and Friday morning. On other days, he would make morning and afternoon inspections and, if necessary, he would then have it swept. Plaintiff told him she had fallen, and he noticed she was bruised and had blood on her forehead. She pointed out the general area of her fall but did not point to any object as having caused her to slip. She told him that she must have fallen on a pebble, but he saw none in that area. The witness testified he could not recall whether there was a hole with stones in it in the parking lot on that day. He stated the lot was swept on the morning of the occurrence; however, he was impeached by an answer in his discovery deposition that he could not swear to the fact that the lot was swept on the day of the occurrence.

OPINION

Defendant contends that actionable negligence was not established because "plaintiff did not know what the object was, how long it had been there, the size of the object, whether the object was placed at the point plaintiff fell by defendant, a third person or by no one at all, or whether the object was related to defendant's operations." It argues that because plaintiff was unable to specify the reason for her fall that the trial court

should have directed a verdict in its favor or entered judgment notwithstanding the verdict.

■■ The standard applied in determining whether or not to grant a directed verdict or a judgment *n.o.v.* was set forth in the case of *Pedrick v. Peoria and Eastern R.R. Co.*, 37 Ill.2d 494, 510, 229 N.E.2d 504:

> "In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

It was also enunciated in the *Pedrick* decision that a similar standard should determine when negligence and contributory negligence questions become questions of law rather than questions of fact.

> "Logic demands that one rule govern both the direction of verdicts and determination of the presence or absence of negligence or contributory negligence as a matter of law, for in both situations the issue is whether a court or the jury should decide the negligence issue." *Pedrick, supra*, at 503.

■■ It is not questioned that plaintiff's status at the time of the injury was that of a business invitee. As such, defendant owed her the duty of maintaining the premises in a reasonably safe condition. (*Geraghty v. Burr Oak Lanes, Inc.*, 5 Ill.2d 153, 125 N.E.2d 47.) Where a business invitee is injured by slipping on a foreign substance, liability may be imposed if the article was there through the negligence of the proprietor or his servants. If there is no showing as to how the article got there, the proprietor can still be held liable if it appears that either he or his servants knew of its presence or that it had been there a sufficient length of time so that its presence should have been discovered in the exercise of ordinary care. *Donoho v. O'Connell's, Inc.*, 13 Ill.2d 113, 148 N.E.2d 434.

The basic question involved here concerns whether negligence was established by plaintiff in the absence of any testimony concerning the exact reason for her fall. The bulk of the cases dealing with this question involve falls on stairways or slippery floors inside business establishments. While these cases may not be exactly in point, they provide a rational basis to assist in determining here whether the trial court erred in denying defendant's motion for directed verdict and judgment *n.o.v.* For example, in *Mraz v. Jewel Tea Company, Inc.*, 121 Ill.App.2d 209, 220-221, 257 N.E.2d 548, a directed verdict was sought by defendant, claiming that negligence could not be attributed to it merely by plaintiff's showing that she had been injured on its premises. In response thereto, the court noted:

"We find the evidence in the instant case was sufficient for the jury to reasonably infer that defendant's employees were the only possible source of the dropped lettuce leaf and that the question of actual or constructive notice was not material here. The lettuce was related to defendant's business, and the negligence was circumstantially proved by the testimony that the first time a customer actually came in contact with the parcel of groceries was when the Jewel employees had finished ringing up the bill and had finished packing it into bags, and then the customer was given the bags to take home or given his grocery cart to wheel out to his car. There is testimony that empty produce boxes, including 'lettuce boxes,' were brought to the front of the store for use by the cashiers in packaging, and if the area had been swept just before the occurrence, we think it reasonable to infer that the sweeping had been negligently performed.

Although a supermarket is not an insurer for all injuries suffered on its premises, and 'reasonable care to see that premises are reasonably safe is all that is required' (Schmelzel v. Kroger Grocery & Baking Co., p. 506), we conclude that the negligence issue was properly submitted to the jury by the trial court. The presence of the lettuce leaf on the floor, under the circumstances portrayed here, 'makes it more probable' that defendant or its employees dropped it. Donoho v. O'Connell's, Inc., p. 125." (121 Ill.App.2d at 220-221.)

Also, in *Burns v. West Chemical Products, Inc.*, 12 Ill.App.3d 947, 955, 299 N.E.2d 455, the court, in response to defendant's contention of a lack of sufficient proof establishing negligence, noted:

" '[W]here a business invitee is injured by slipping on a foreign substance on the defendant's premises, and there is evidence tending to show that the substance was on the floor through the acts of defendant or his servants, the issue of negligence will be submitted to the jury.' "

Of greater significance, and perhaps more analogous to the instant case, are cases involving stairway falls. In particular, the cases of *Holsman v. Darling State Street Corp.*, 6 Ill.App.2d 517, 128 N.E.2d 581, and *Wright v. Stech*, 7 Ill.App.3d 1068, 1070, 288 N.E.2d 648, contain useful points. In *Holsman*, the plaintiff was injured after falling down a stairway in defendant's building. Plaintiff, there, testified that while descending the stairs "something happened," not being able to describe with specificity the immediate cause of the fall. Defendant argued insufficient evidence on the question of negligence and causal connection. The court quoted

from *Kidd v. Thomas Gilcrease Foundation* (5th Cir. 1952), 194 F.2d 129, 130-131, as follows:

" 'In 38 Am. Jur., Negligence, Section 334, it is said: "In accord with the rule governing proof of negligence generally, proximate cause need not be established by the testimony of eyewitnesses, nor by direct or positive evidence, but may be proved by circumstantial evidence; it may be determined from the circumstances of the case."

" '* * * We conclude that it was within the province of the jury to decide whether the defendant was negligent and whether such negligence proximately caused the plaintiff's injury, and that the Court erred in directing a verdict for the defendant.' " (6 Ill.App.2d at 522-523.)

The *Holsman* court also stated as follows, at pages 523 and 524:

"The defendants also assert that the evidence concerning the cause of the plaintiff's fall was purely circumstantial and they contend that circumstantial evidence cannot establish a factual conclusion unless such conclusion is the only one that can reasonably be drawn therefrom. In support of their argument they cite the case of Celner v. Prather, 301 Ill.App. 224. In Lindroth v. Walgreen Co., 407 Ill. 121, the Supreme Court set out the correct rule with reference to circumstantial evidence. The court said:

"In the case of Tennant v. Peoria and Pekin Union Railway Co., 321 U.S. 29, the court, in holding the evidence was sufficient to submit the case to the jury, said, "The focal point of judicial review is the reasonableness of the particular inference or conclusion drawn by the jury." * * *

'In Devine v. Delano, 272 Ill. 166, and Town of Cicero v. Industrial Com., 404 Ill. 487, this court held the rule to be that reasonable inferences may be drawn from established facts and all that can be reasonably required to establish controverted facts, whether the evidence be direct or circumstantial, is that the evidence creates a greater or less probability leading, on the whole, to a satisfactory conclusion.'

In the case before us there was evidence in the record that the stairs were maintained in a condition which might have caused the plaintiff to fall. The plaintiff was walking down the defective stairs. He testified that he fell because of some interference with his feet on the stairs. That he slipped is supported by the evidence of another witness. There is sufficient evidence from which the

jury might reasonably draw the inference that his fall was caused by the worn and defective condition of the stairs."

In *Wright*, the court responding to a *Pedrick*-rule argument for the direction of a verdict in a fall case, noted as follows:

"No direct evidence of the circumstances surrounding the fall was available, as there were no eyewitnesses to it. The question presently before this court then is whether the testimony of Christine White, when viewed in its aspect most favorable to the plaintiff, so overwhelmingly favors the defendant that no verdict for the plaintiff could ever stand.

There can be no question that from the testimony concerning the condition of the stairwell and stairs on the day of the fall the jury could have concluded that the defendant was negligent in maintaining them. The stairs were littered with garbage and debris and had been for some time. The stairwell was dark, the only illumination being provided by the skylight, which was also partially covered with debris. The electric light fixture intended to provide additional illumination was inoperative.

A more difficult question is whether the jury could have found that the decedent's fall resulted from the defendant's negligence. There was no eyewitness to the fall and hence no direct evidence concerning its cause. However, it is not essential that causation be shown by direct evidence; it may be established by facts and circumstances which, in the light of ordinary experience, reasonably suggest that the defendant's negligence operated to produce the injury." (7 Ill.App.3d at 1070.)

Further, in *Burg v. Great Atlantic and Pacific Tea Co.* (7th Cir. 1958), 256 F.2d 613, 614, involving a fall in defendant's store as the alleged result of a waxed incline, the plaintiff testified that she had no idea what caused her to fall. The defendant claimed that a directed verdict should have been granted. (The *Pedrick* rule was not involved.) The court held:

"It was not necessary for appellant to establish what actually caused her to fall if from the circumstances, as revealed by the evidence, it would be reasonable for a jury to infer that the fall was occasioned by the fact that the incline had been waxed." (256 F.2d 613, 614.)

The court, in *Burg*, reversed the trial court's direction of a verdict for defendant and remanded, stating there was sufficient evidence to require the submission of the issue of negligence to the jury.

Finally, in *Donovan v. Raschke*, 106 Ill.App.2d 366, 246 N.E.2d 110, involving injuries sustained as the result of certain materials being placed

on a sidewalk, the defendant contractors maintained that they were not shown to be negligent because there was no direct evidence presented linking them to a roll of wire (which apparently caused the injury). There the court stated, at page 373:

"We find that the trial court correctly submitted that issue to the jury. Direct evidence is not required if there is a reasonable basis from which a jury could have drawn the inference that the wire mesh had been placed at the scene by Lanite or Eugene Tilseth."

■■ In the instant case, although there is no direct proof as to how the object, allegedly stepped on by plaintiff, came to be on the pavement, plaintiff did testify that it was round and that it felt like a pebble or a stone. In addition, from the photographs received in evidence, it appears there were many small stones on the pavement and that there was a hole or depression in defendant's lot which had small stones in it. Plaintiff also testified she had seen the hole on prior occasions during the year she had shopped at that store and had previously observed automobiles driving through the hole, causing stones to be thrown onto the pavement.

We have examined the cases cited by defendant in its briefs, and we find that each was decided on the basis of failure of plaintiff to establish defendant's actual or implied knowledge of the presence of the object or of the condition which caused an injury.

Here, we believe that it could be reasonably inferred from the facts outlined above that defendant had prior knowledge of the existence of the hole as well as the fact that small stones were on the pavement in the area around the hole and that a reasonable inference could also be drawn that defendant knew or should have known that automobiles passing through the hole in the pavement caused stones to be thrown on the surface of the lot.

In accordance with the *Pedrick* rule, we have viewed the evidence in a light most favorable to plaintiff, and we cannot say that evidence so overwhelmingly favors defendant that no contrary verdict could ever stand.

For the reasons stated, the judgment is affirmed.

BARRETT and LORENZ, JJ., concur.