MARGARET GROVE, Plaintiff-Appellee, v. THE CITY OF PARK RIDGE, Defendant-Appellant.

First District (3rd Division)   No. 1—91—0853

Opinion filed December 30, 1992.

Knight, Hoppe, Fanning & Knight, Ltd., of Park Ridge (Joette S. Doran and Sarah Hansen Sotos, of counsel), for appellant.

James Paul Costello, Ltd., of Des Plaines (Thomas M. O'Connell, of counsel), for appellee.

JUSTICE TULLY delivered the opinion of the court:

Plaintiff, Margaret Grove, filed this negligence action in the circuit court of Cook County against defendant, the City of Park Ridge (City), for injuries she sustained in an accident that occurred after stepping into a pothole on a public roadway maintained by the City. The City moved for summary judgment pursuant to section 2—1005 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005) which the trial court denied. It is from the trial court's order denying summary judgment that the City brings this interlocutory appeal pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308). On appeal, the City contends that the trial court erred in denying its motion for summary judgment as it owed no duty to maintain a non-crosswalk area of a street for pedestrian purposes. We disagree.

Plaintiff testified to the following: On October 7, 1988, she was a passenger in her and her husband's automobile, which was driven by her husband. Plaintiff's husband parked the vehicle in a stall in front of the Parson's clothing store on Prospect Avenue in Park Ridge, Illinois. Prospect Avenue runs north and south. The parked vehicle faced eastward or towards the front of Parson's. The car was legally parked within a designated parking stall sectioned off by lines painted on the street. After the car was parked, plaintiff and her husband walked to the nearby Pickwick Restaurant, where they stayed for approximately one hour. The Pickwick Restaurant is located about fives stores north of Parson's. When plaintiff left the restaurant she walked south on Prospect Avenue's sidewalk towards the vehicle. Plaintiff stepped off the curb into the street with first her right foot and then her left foot. Unfortunately, plaintiff's left foot landed in a pothole, thus twisting her left ankle and causing her to fall and sustain injuries. The pothole, which abutted the curb, was located in a designated parking stall marked off by lines on the street.

It is settled law that a plaintiff, in a cause of action based on negligence, must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from a breach of that duty. (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 18, 440 N.E.2d 96.) Whether a duty exists is a question of law to be determined by a court (*McLane v. Russell* (1989), 131 Ill. 2d 509, 514, 546 N.E.2d 499), and thus a motion for summary judgment properly addresses the issue of duty. *Horrell v. City of Chicago* (1986), 145 Ill. App. 3d 428, 431, 495 N.E.2d 1259.

■■ The General Assembly set forth a municipality's general property-related duty in section 3—102(a) of the Illinois Local Governmental and Governmental Employees Tort Immunity Act (section 3—102(a)), which provides, in pertinent part:

> "[A] local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used[.]" (Ill. Rev. Stat. 1987, ch. 85, par. 3—102.)

Accordingly, it has been held that municipalities have a duty to reasonably maintain their roadways for vehicular traffic and to reasonably maintain their crosswalks for pedestrians. *Ramirez v. City of Chicago* (1991), 212 Ill. App. 3d 751, 753, 571 N.E.2d 822.

■■ However, until recently, it has been unclear what, if any, duty was owed to a pedestrian who was injured in a street outside a crosswalk. Following oral argument of this case, the Illinois Supreme Court has given its approval to the holding of *Di Domenico v. Village of Romeoville* (1988), 171 Ill. App. 3d 293, 525 N.E.2d 242, when, in *dicta*, it stated:

> "A person exiting from his car is an intended user of the space around his car, as our appellate court has noted. (*Di Domenico v. Village of Romeoville* (1988), 171 Ill. App. 3d 293.) The use of parking lanes mandates that individuals have access to the street for the ingress to and egress from the car." (*Wojdyla v. City of Park Ridge* (1992), 148 Ill. 2d 417, 425, 592 N.E.2d 1098.)

Accordingly, we find *Di Domenico* to be controlling of the case *sub judice*. We believe *Di Domenico* imposes, pursuant to section 3—102(a), a duty upon local public entities to exercise ordinary care in maintaining in a reasonably safe condition those areas of public roadways around legally parked vehicles. Under our interpretation of *Di Domenico*, this duty extends only to those pedestrians walking to or

from the curb area, going to or from a legally parked vehicle. Moreover, this duty extends only to pedestrians walking to or from the curb area alongside the legally parked vehicle, not to pedestrians crossing the roadway to get to or from the vehicle.

█ Thus, given that, as the City quite candidly noted in its brief, *Di Domenico* is "a case with facts virtually identical to those herein," we conclude that plaintiff has stated a cause of action and that the trial court properly denied the City's motion for summary judgment.

For the reasons set forth above, we affirm the trial court's order denying summary judgment and remand this case for further proceedings.

Affirmed and remanded.

RIZZI and CERDA, JJ., concur.