RALPH LANGER, Plaintiff-Appellant, v. RONALD BECKER *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—90—1814

Opinion filed December 30, 1992.

824

Steven B. Levy, of Naperville, for appellant.

Fioretti & Des Jardins, of Chicago (Robert W. Fioretti and Leonard A. Des Jardins, of counsel), for appellees.

JUSTICE TULLY delivered the opinion of the court:

This is the second time this case is presented to the court for review. In the first case, *Langer v. Becker* (1988), 176 Ill. App. 3d 745, 531 N.E.2d 830 (*Langer I*), we affirmed the circuit court's granting of summary judgment in favor of certain defendants and dismissing counts III, IV and VI of plaintiff Ralph Langer's seven-count second amended complaint. In this appeal, plaintiff appeals from three orders of the circuit court of Cook County, granting summary judgment to defendants Ronald Becker (Becker), Ronald Becker and Associates, Inc., and Henry Gordy, Inc. (Gordy), and dismissing counts I and II of plaintiff's second amended complaint. Plaintiff also appeals from the

trial court's denial of motion for leave to file a third amended complaint or, alternatively, for leave to file a countercomplaint. We affirm.

As the facts leading up to the instant litigation have already been set out in *Langer I*, we need not revisit them here. Accordingly, we shall set forth only those additional facts which are relevant to the issues presented in this appeal.

On remand, plaintiff presented to the trial court a motion for summary judgment on count I of the second amended complaint. Count I purported to state a claim against Becker for breach of fiduciary duty. On April 12, 1989, the motion was denied and, instead, count I was stricken, *sua sponte*, by the trial court.

Later, defendants filed a motion for summary judgment on counts II, V and VII of the second amended complaint. Count II purported to state a claim against Becker for breach of contract. Count V purported to state a claim against Gordy for tortious interference. Count VII purported to state a claim against Becker and Gordy for conspiring to deprive plaintiff of his ownership interest in his business. On January 10, 1990, the trial court granted defendants' motion for summary judgment on these three remaining counts.

Plaintiff then filed two motions: a motion for summary judgment as to Becker's countercomplaint for dissolution of the partnership, an accounting and damages; and a motion to vacate the January 10, 1990, order and file a third amended complaint adding a count for an accounting or, alternatively, for leave to file a countercomplaint to Becker's countercomplaint. On April 20, 1990, a final order was entered denying both of these motions.

We initially note that plaintiff makes no mention of counts V and VII in his brief and, thus, is not appealing the January 10, 1990, and April 20, 1990, orders as they pertain to dismissal of those counts.

Plaintiff contends that the pleadings, depositions, admissions and exhibits on file raise genuine issues of material fact as to whether Ronald Becker breached his fiduciary duty to plaintiff by: (1) usurping a partnership business opportunity for which an accounting has not been rendered by Ronald Becker to plaintiff; and (2) fraudulently securing an advantage with the partnership's major client, Gordy, and then using such advantage to coerce plaintiff into accepting a reduced ownership interest in the partnership or be forced out. We disagree.

The granting of summary judgment is a drastic method of disposing of a case that should not be employed unless there is no issue of material fact and it is free from doubt that the movant is entitled to judgment as a matter of law. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867; *Murphy v. Urso* (1981), 88 Ill. 2d 444, 430 N.E.2d

1079.) Nevertheless, the Illinois Supreme Court has also recognized that "summary judgment procedure is an important tool in the administration of justice, that its use in a proper case is to be encouraged and that its benefits inure not only to the litigants, in saving of time and expenses, but to the community in avoiding congestion of trial calendars and the expenses of unnecessary trials." (*Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 586, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847.) We are of the opinion that summary judgment was properly granted in favor of defendants on counts I and II as it is apparent from the case law discussed below that Ronald Becker had no duty, fiduciary or contractual, to plaintiff.

■■ ■ In *Langer I*, we noted "that the partnership agreement between plaintiff and Ronald Becker was terminable at will." (*Langer I*, 176 Ill. App. 3d at 751 n.1; Ill. Rev. Stat. 1989, ch. 106½, pars. 29, 31; see also *Maimon v. Telman* (1968), 40 Ill. 2d 535, 240 N.E.2d 652; *Thanos v. Thanos* (1924), 313 Ill. 499, 145 N.E. 250; *Babray v. Carlino* (1971), 2 Ill. App. 3d 241, 276 N.E.2d 435.) Once a partner has left a partnership, the partnership is dissolved. (Ill. Rev. Stat. 1989, ch. 106½, pars. 29, 31.) The fiduciary relationship ceases and the remaining partner is free to do business on his own under a new name. (*Pierce v. McClellan* (1879), 93 Ill. 245; *Bluestein v. Davis* (1967), 86 Ill. App. 2d 61, 230 N.E.2d 61; *Meyer v. Sharp* (1950), 341 Ill. App. 431, 94 N.E.2d 510.) After reviewing the record in a light most favorable to plaintiff, we cannot conclude that Ronald Becker did anything other than terminate his partnership at will with plaintiff, upon which he was free to go into business for himself. Thus, Ronald Becker could not and did not breach any fiduciary duty to plaintiff as alleged in count I, nor did he breach a contractual agreement with plaintiff as alleged in count II and, therefore, the trial court committed no error in granting summary judgment as to count I and moving, *sua sponte*, to strike count II for failing to state a cause of action.

■■ Plaintiff further contends that the trial court's denial of his motion to file a third amended complaint adding a count for an accounting or, alternatively, for leave to file a countercomplaint to Ronald Becker's countercomplaint was in error. Our supreme court in *Loyola Academy v. S & S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 586 N.E.2d 1211, clarified what criteria a reviewing court must use to determine whether a trial court has committed a manifest abuse of its broad discretion in denying a litigant leave to amend pleadings. In that opinion, the supreme court adopted the four factors

established in *Kupianen v. Graham* (1982), 107 Ill. App. 3d 373, 437 N.E.2d 774, and summarized them as follows:

"(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified." *Loyola Academy*, 146 Ill. 2d at 273.

■ In the case at hand, the proposed pleadings reincorporated and realleged all seven counts of the second amended complaint, including those previously dismissed counts whose dismissal was upheld by this court in *Langer I*. Surely, the defendants would be prejudiced by having to relitigate those counts previously found defective by both the trial court and this court. Moreover, the trial court would have been in violation of this court's mandate in *Langer I* had it allowed plaintiff to resurrect those counts we concluded were insufficient as a matter of law. (*Thomas v. Durchslag* (1951), 410 Ill. 363, 365, 102 N.E.2d 114; *PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 308-09, 427 N.E.2d 563.) Finally, no amendment could cure the defects in the second amended complaint as its infirmities were not a result of inartful drafting, but rather, as we have concluded above, a deficiency of the requisite facts upon which to base a cause of action. Therefore, we perceive no error in the trial court's refusal to allow plaintiff to amend his pleadings.

We note that plaintiff, in the context of arguing the aforementioned issues, raised arguments that were, after our careful review of the record, deemed to be so lacking in merit as to warrant no further discussion.

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

GREIMAN, P.J., and RIZZI, J., concur.