# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *DeMambro v. City of Springfield*, 2013 IL App (4th) 120957

---

| | |
|---|---|
| Appellate Court Caption | LAURA DeMAMBRO, Plaintiff-Appellant, v. THE CITY OF SPRINGFIELD, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-12-0957 |
| Filed | June 6, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for the injuries plaintiff suffered when she slipped into a pothole while walking to her car that was parked on the city street in front of her house, the trial court erred in entering summary judgment for the city on the ground that plaintiff was not an "intended user" of the street at that location for purposes of the Tort Immunity Act, notwithstanding the lack of any manifestations such as signs or markings that the street where plaintiff slipped was intended for her use, since the city admitted her car was legally parked by the curb and she was clearly an "intended user" of the area she was using to access her vehicle. |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 08-L-15; the Hon. April Troemper, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal

Paul E. Adami (argued), of Mohan, Alewelt, Prillaman & Adami, of Springfield, for appellant.

Mark K. Cullen, Corporation Counsel, of Springfield (Geannette S. Wittendorf (argued), Assistant Corporation Counsel, of counsel), for appellee.

Panel

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court, with opinion.

Justices Knecht and Holder White concurred in the judgment and opinion.

**OPINION**

¶ 1    This case, which is before us on appeal from the trial court's decision to grant summary judgment in favor of defendant, the City of Springfield (City), requires this court to determine whether, as a matter of law, the plaintiff, Laura DeMambro, was an "intended" user of the City property on which she was injured pursuant to section 3-102(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/3-102(a) (West 2010)). Plaintiff injured her ankle when she slipped into a pothole while attempting to enter her vehicle, which was lawfully parked near the curb on a city street. Because we conclude that plaintiff was an "intended" user of the portion of the city street where she was injured, we reverse and remand for further proceedings.

¶ 2                I. BACKGROUND

¶ 3    The facts of this case are simple, straightforward, and brief.

¶ 4    In July 2007, plaintiff parked her vehicle on Herndon Street, the city street parallel to the curb in front of her house. (No signs, meters, or road stripes indicated that the City permitted parking at that location; however, the City conceded below, and concedes now on appeal, that parking is permitted at that location.) After placing an item into the passenger side of her vehicle, plaintiff walked toward the driver's side of her vehicle and fell into a pothole located near the curb, injuring her ankle.

¶ 5    Plaintiff thereafter sued the City for failing to maintain its streets in a reasonably safe condition. The City later filed a motion for summary judgment, asserting, in pertinent part, that it was immune from liability under the Tort Immunity Act.

¶ 6    In July 2012, the trial court entered summary judgment in favor of the City, finding as follows:

"In the instant case, the Plaintiff argues that she was lawfully parked along the curb in front of her house and therefore was an intended and permitted user of the roadway. According to the Supreme Court[,] *** there has to be something more than just a vehicle that is parked parallel to the curb. The Plaintiff failed to provide evidence of any physical manifestation of intent by the City *** that it intended for Herndon Street to be used by pedestrians. Furthermore, there was no evidence that the street in front of the Plaintiff's house had parking meters, designated parking stalls, or lined spaces. In the absence of any physical manifestation of intent, it would be an enormous burden to impose on the City or municipality a duty to all pedestrians who are entering or exiting a car that is lawfully parked parallel to any roadway or street within its boundaries. See *Vaughn* [*v. City of West Frankfort*,] 166 Ill. 2d [155,] 164 [(1995)] (where '[c]rosswalks and parking lanes are areas in which municipalities manifestly intend that pedestrians walk[,'] *** and where imposing a burden with regard to streets and roadways in their entirety would be unduly expensive and burdensome).

While it may have been necessary for Plaintiff to exit the curb so that she could reach the driver side of her vehicle, necessity does not equate to an intended user. Similarly, a permitted user is not automatically an intended user. For example, presume a bicyclist was lawfully riding down the roadway on Herndon Street and hit the same pothole located next to the curb that Plaintiff *** encountered while entering her vehicle that was 'lawfully parked.' Absent any special markings or signs to show the City intended, rather than just permitted, the bicyclist to use the roadway, no duty would be imposed. See *Boub* [*v. Township of Wayne*,] 183 Ill. 2d 520 [(1998)].

Based on the foregoing cases, the Court finds that Plaintiff was merely a permitted user of the street–not an intended user. There was no evidence the [City] physically manifested its intent that Plaintiff use the street."

¶ 7    This appeal followed.

¶ 8                              II. ANALYSIS
¶ 9    Plaintiff argues that the trial court erred by granting summary judgment in favor of the City because the court erroneously found that she was not an "intended" user of the parking space in which she was injured. For the reasons that follow, we agree.

¶ 10                   A. Summary Judgment and the Standard of Review
¶ 11   Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2010). When deciding whether to grant a motion for summary judgment, courts must draw all reasonable inferences in favor of the nonmoving party. *Gaston v. City of Danville*, 393 Ill. App. 3d 591, 601, 912 N.E.2d 771, 779 (2009). Indeed, "[s]ummary judgment is a drastic method of disposing of litigation and should only be granted where the movant's right to judgment is clear and free from doubt." *Id.* We review *de novo* a trial court's decision to grant summary judgment. *Id.*, 912 N.E.2d at 780.

¶ 12        As previously stated, the trial court granted summary judgment in favor of the City because it found that plaintiff was not an "intended" user under section 3-102(a) of the Tort Immunity Act. Accordingly, we turn first to the specific language of section 3-102(a).

¶ 13                    B. Section 3-102(a) of the Tort Immunity Act

¶ 14        Section 3-102(a) of the Tort Immunity Act imposes a duty upon local entities, such as cities, to exercise ordinary care in maintaining their properties in a reasonably safe condition for intended and permitted users of their properties, in pertinent part, as follows:

> "Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people *whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used* \*\*\*." (Emphasis added.) 745 ILCS 10/3-102(a) (West 2010).

¶ 15              C. "Permitted" and "Intended" Under the Tort Immunity Act

¶ 16        In *Di Domenico v. Village of Romeoville*, 171 Ill. App. 3d 293, 525 N.E.2d 242 (1988), the appellate court concluded that the plaintiff was an intended *and* permitted user of a city street where he was "lawfully parked parallel to the curb" and was injured when he fell into a hole in the street while walking to retrieve an item from the vehicle's trunk. In so concluding–and without mentioning signs, signals, meters, or stripes–the court added that the plaintiff was an intended and permitted user because he was legally parked and had to use the street to gain access to his vehicle. *Id.* at 296-97, 525 N.E.2d at 244.

¶ 17        Four years later, the Supreme Court of Illinois concluded that a decedent was *not* an intended and permitted user of a six-lane highway where he was struck and killed near the center lane of traffic as he was attempting to cross the road outside of a crosswalk. *Wojdyla v. City of Park Ridge*, 148 Ill. 2d 417, 420-22, 592 N.E.2d 1098, 1100-01 (1992). In so concluding, the supreme court distinguished the appellate court's holding in *Di Domenico*, as follows:

> "In *Di Domenico* \*\*\*, the plaintiff was injured when he fell into a hole in the street. The hole was located a few feet from the plaintiff's vehicle. The appellate court determined that the plaintiff was an intended and permitted user of the street under the Tort Immunity Act, and reversed the trial court's grant of summary judgment for the defendant. The court noted, however, the city 'must have recognized the necessity of pedestrians walking in the street and using a portion of it as a pathway, as a means of ingress and egress to and from their vehicles.' [Citation.] The decedent in the case at bar, however, was not in the area directly around his car, but the middle of the highway; thus, *Di Domenico* is distinguishable." *Wojdyla*, 148 Ill. 2d at 424, 592 N.E.2d at 1102.

¶ 18        Less than a year after *Wojdyla*, the supreme court held that a plaintiff, who was injured when he exited his lawfully parked truck to deliver boxes and stepped into a pothole, was an intended *and* permitted user of the street. *Curatola v. Village of Niles*, 154 Ill. 2d 201, 608 N.E.2d 882 (1993). In so holding, the supreme court restated what it had explained less than

a year before in *Wojdyla*–namely, that a reviewing court "need look no further than the property itself which the plaintiff was using when injured to determine its intended use." *Id.* at 211, 608 N.E.2d at 887.

¶ 19    In 1995, the supreme court held that a plaintiff who was injured when she fell after tripping on a pothole in the street was not using the street for its *intended* purpose because she was walking outside of the established crosswalk. *Vaughn*, 166 Ill. 2d at 163, 651 N.E.2d at 1119. As part of its rationale, the supreme court squared its holding with its previous decisions related to parked cars as follows: "We note that, *except for those cases in which street defects were in the area immediately around a parked vehicle*, Illinois courts have refused to impose a duty on municipalities for injuries to pedestrians which were caused by those defects." (Emphasis added.) *Id.*

¶ 20    Three years later, the supreme court rejected a plaintiff's argument that he was an intended and permitted user of a one-lane bridge owned by a township. *Boub*, 183 Ill. 2d 520, 702 N.E.2d 535. The supreme court concluded that although it "[had] no quarrel with the proposition that bicycle riders [were] permitted users of the road and bridge involved," the court did not "believe *** that they must also be considered intended users of those facilities." *Id.* at 536, 702 N.E.2d at 543. Focusing on (1) the Illinois Vehicle Code (625 ILCS 5/1-126 (West 2006))–which establishes that Illinois highways are designed for vehicular travel–and (2) the lack of signs and markings in the area specifically related to bicycles, the supreme court explained that bicyclists are permitted to use the roads and bridges in this state but that they are "generally not intended users of Illinois roads, streets, and highways." *Id.* at 530, 702 N.E.2d at 540.

¶ 21    Having outlined a pertinent history of the "intended" and "permitted" precedent in this state, we turn to the trial court's findings in this case.

¶ 22                    D. The Trial Court's Findings in This Case

¶ 23    Initially, we note that we view the appellate court's decision in *Di Domenico* and the supreme court's holding in *Curatola* to be on "all-fours" with this case. Thus, we disagree with the trial court's specific reliance on the above-mentioned precedent–particularly, *Curatola* and *Vaughn*–to support the view that plaintiff in this case was not an "intended" user. *Curatola* is factually indistinguishable from this case, and *Vaughn* noted that courts have specifically carved out an exception for street defects in the "area immediately around a parked vehicle." *Vaughn*, 166 Ill. 2d at 163, 651 N.E.2d at 1119.

¶ 24    Moreover, as part of its written order, the trial court cited *Grove v. City of Park Ridge*, 240 Ill. App. 3d 659, 608 N.E.2d 421 (1992), to support its finding that the plaintiff was not an intended user of the city street. In *Grove*, however, the appellate court specifically found *Di Domenico* controlling, concluding its disposition as follows:

"[W]e find *Di Domenico* to be controlling of the case *sub judice*. We believe *Di Domenico* imposes, pursuant to section 3-102(a), a duty upon local public entities to exercise ordinary care in maintaining in a reasonably safe condition those areas of public roadways around legally parked vehicles. Under our interpretation of *Di Domenico*, this duty extends only to those pedestrians walking to or from the curb area, going to or from

a legally parked vehicle. Moreover, this duty extends only to pedestrians walking to or from the curb area alongside the legally parked vehicle, not to pedestrians crossing the roadway to get to or from the vehicle.

Thus, given that, as the City quite candidly noted in its brief, *Di Domenico* is 'a case with facts virtually identical to those herein,' we conclude that plaintiff has stated a cause of action and that the trial court properly denied the City's motion for summary judgment." *Grove*, 240 Ill. App. 3d at 661-62, 608 N.E.2d at 423.

¶ 25   The trial court's focus on the lack of evidence of a "physical manifestation *** by the City" that it intended the street in front of plaintiff's house to be used by pedestrians misapplies the scope of analysis outlined by the supreme court. The proper scope in cases involving a pedestrian who is using the street for ingress and egress to a vehicle that has been lawfully parked on the street is not whether the pedestrian is intended to be on the street as a whole, but whether, as the supreme court put it, the pedestrian is intended to be "in the area immediately around a parked vehicle" (*Vaughn*, 166 Ill. 2d at 163, 651 N.E.2d at 1119). The primary lanes of the street are intended exclusively for vehicles, subject to crosswalks and other specifically indicated pedestrian areas (see *id.* at 155, 651 N.E.2d at 1115 (a plaintiff who was injured when she fell after tripping on a pothole in the street was not using the street for its *intended* purpose because she was walking outside of the established crosswalk)); hence, the requirement in those cases to focus on physical manifestations of intent. See *Montano v. City of Chicago*, 308 Ill. App. 3d 618, 624-26, 720 N.E.2d 628, 633-34 (1999) (where the appellate court considered "signs and pavement markings," given that it was grappling with whether, because of local ordinance, the city intended parking in an alley); see also *Sisk v. Williamson County*, 167 Ill. 2d 343, 350-51, 657 N.E.2d 903, 907 (1995) (where the supreme court mentioned physical manifestations in a situation in which it was deciding whether the plaintiff was intended and permitted to be on foot near a highway bridge that he had struck with his vehicle). However, unless otherwise indicated, the area near the curb is intended for parking and, as a result, that area is intended for (1) parked vehicles and (2) pedestrians who are exiting and seeking to access their vehicles. See *Curatola*, 154 Ill. 2d at 201, 608 N.E.2d at 882 (a plaintiff, who was injured when he exited his lawfully parked truck to deliver boxes and stepped into a pothole, was an intended and permitted user of the street). Here, plaintiff was clearly intended to be in the area around her vehicle, which, as the City concedes, was lawfully parked near the curb.

¶ 26   Accordingly, we hold that as a matter of law, plaintiff was an "intended" user of the area immediately around her parked vehicle within the meaning of section 3-102(a) of the Tort Immunity Act (745 ILCS 10/3-102(a) (West 2010)).

¶ 27   In closing, we note that as appellee, the City argues the following two additional justifications for its motion for summary judgment: (1) the pothole was a *de minimis* defect, a justification the trial court briefly addressed and rejected, and (2) the pothole was an open and obvious defect, a justification the court did not address because it granted the City's motion on the ground that plaintiff was not an intended user. However, because we are remanding for further proceedings, we need not address these justifications at this point. In the event the City elects to pursue future motions for summary judgment on grounds other than section 3-102(a) of the Tort Immunity Act, the trial court is free to consider those

grounds at that time.

¶ 28                                III. CONCLUSION

¶ 29        For the reasons stated, we reverse the trial court's grant of summary judgment and remand for further proceedings.

¶ 30        Reversed and remanded.