# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Berz v. City of Evanston*, 2013 IL App (1st) 123763

---

| | |
|---|---|
| Appellate Court Caption | THOMAS BERZ, Plaintiff-Appellant, v. THE CITY OF EVANSTON, a Municipal Corporation, Defendant-Appellee. |
| District & No. | First District, Sixth Division<br>Docket No. 1-12-3763 |
| Filed | September 27, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly dismissed plaintiff's complaint for the injuries he suffered when he struck a pothole while riding his bicycle in an alley of defendant city, since plaintiff was not an intended user of the alley and the Tort Immunity Act immunized defendant from plaintiff's negligence claim, especially in the absence of any pavement markings or signs indicating that bicyclists were intended users of the alley. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-L-7025; the Hon. Diane Larson, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Corboy & Demetrio, of Chicago (Francis Patrick Murphy, of counsel), for appellant.

W. Grant Farrar, Corporation Counsel, of Evanston (Henry J. Ford, Jr., and James B. Woywod, of counsel), for appellee.

Panel

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.

Justice Reyes concurred in the judgment and opinion.

Presiding Justice Gordon concurred in part and dissented in part, with opinion.

**OPINION**

¶ 1      Plaintiff, Thomas Berz, appeals the circuit court's order dismissing his third amended complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2010)) where the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/1-101 *et seq.* (West 2010)) immunized defendant, the City of Evanston, against plaintiff's negligence claim. Plaintiff contends the circuit court erred in dismissing his third amended complaint because relevant Evanston ordinances and defendant's bicycle map established that he was an intended user of the alley where he was injured. Based on the following, we affirm.

¶ 2                          FACTS

¶ 3      On September 4, 2010, plaintiff was riding his bicycle in Evanston, Illinois, in an alleyway behind the addresses of 1549 to 1555 Sherman Avenue, which runs between Grove Street and Davis Street, when he was injured by striking a pothole measuring 40 inches wide, 18 inches in length, and at least 4 to 5 inches deep. On July 7, 2011, plaintiff filed a complaint alleging negligence against defendant. On August 17, 2011, defendant filed a section 2-619(a)(9) motion to dismiss, arguing that section 3-102(a) of the Tort Immunity Act (745 ILCS 10/3-102(a) (West 2010)) provided immunity for defendant where plaintiff was not an intended user of the alley. On October 28, 2011, defendant's motion to dismiss was granted; however, plaintiff was granted leave to amend his pleading.

¶ 4      On November 14, 2011, plaintiff filed a first amended complaint alleging the same cause of action based on the same facts, but with increased specificity. In addition, plaintiff attached 19 photographs and an affidavit verifying his personal knowledge of the facts in the complaint, that he took the photographs after the incident, and that the photographs accurately depicted the pothole and alley conditions at the time of the incident. On November

18, 2011, plaintiff's counsel was granted leave to withdraw. Plaintiff's second attorney filed an appearance and was granted leave to file a second amended complaint.

¶ 5 On April 5, 2012, plaintiff filed a second amended complaint, alleging he was operating a bicycle in a northerly direction along and upon the alley behind the addresses of 1549 to 1555 Sherman Avenue between Grove Street and Davis Street when he was injured as a result of defendant's negligence in repairing and maintaining the alley for intended bicycle users. On May 10, 2012, defendant filed a section 2-619(a)(9) motion to dismiss the complaint, arguing that section 3-102(a) of the Tort Immunity Act created immunity for defendant where plaintiff was not an intended user of the alley. On August 2, 2012, plaintiff filed a response, arguing that bicyclists were intended users of the alleys because defendant defined bicycle as a vehicle and where the municipal code and bicycle map evinced an intent that bicyclists use the alleys. On August 29, 2012, the circuit court granted defendant's motion to dismiss, but granted plaintiff leave to file an amended complaint.

¶ 6 On September 5, 2012, plaintiff filed a third amended complaint, the subject of which is before this court. In that complaint, plaintiff alleged that he operated a *vehicle* in a northerly direction along and upon the alley between Grove Street and Davis Street. On October 10, 2012, defendant filed a section 2-619(a)(9) motion to dismiss, arguing that bicyclists are not intended users of the alleys, that a bicycle is not a vehicle, and that there were no physical manifestations demonstrating bicyclists were intended users of the alleys. On November 12, 2012, plaintiff filed a response, arguing that defendant's motion failed to address the allegation that plaintiff operated a vehicle. Defendant replied, stating that all of plaintiff's previous complaints alleged he was riding a bicycle and that a signed affidavit attached to the first amended complaint provided that he was riding a bicycle; therefore, plaintiff made a judicial admission that he was riding a bicycle. On November 27, 2012, the circuit court dismissed plaintiff's complaint with prejudice. This timely appeal followed.

¶ 7 DECISION

¶ 8 Plaintiff contends the circuit court erred in dismissing his third amended complaint where section 3-102(a) of the Tort Immunity Act did not immunize defendant from liability for plaintiff's injury because he was an intended user of the alleyway .

¶ 9 Plaintiff's complaint was dismissed pursuant to section 2-619(a)(9) of the Code. A section 2-619(a)(9) motion admits the legal sufficiency of the complaint, but asserts that it is barred by some other affirmative matter. *Brennan v. Kadner*, 351 Ill. App. 3d 963, 967 (2004). In considering the motion, all well-pleaded facts and reasonable inferences drawn therefrom are admitted, and all pleadings and supporting documents are construed in a light most favorable to the nonmoving party. *Id.* When reviewing a section 2-619 motion to dismiss, we must consider whether a genuine issue of material fact exists which precludes dismissal and whether the affirmative matter negates the plaintiff's cause of action completely or refutes critical conclusions of law or conclusions of material unsupported fact. *Turner v. 1212 S. Michigan Partnership*, 355 Ill. App. 3d 885, 892 (2005). We review *de novo* the dismissal of a complaint pursuant to section 2-619. *Brennan*, 351 Ill. App. 3d at 967.

¶ 10	Plaintiff's complaint alleged defendant was negligent and, therefore, liable for his injuries. To establish a claim of negligence, a plaintiff must prove the defendant owed a duty of care to the plaintiff, the defendant breached that duty of care, and the plaintiff suffered an injury proximately caused by the breach. *Doria v. Village of Downers Grove*, 397 Ill. App. 3d 752, 757 (2009); *Latimer v. Chicago Park District*, 323 Ill. App. 3d 466, 468 (2001). In regard to defendant's duty of care, section 3-102(a) of the Tort Immunity Act provides:

> "Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition *for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property* in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition." (Emphasis added.) 745 ILCS 10/3-102(a) (West 2010).

The Illinois Supreme Court has advised that "[s]ection 3-102(a) of the Act only imposes a duty of ordinary care on municipalities to maintain property for uses that are *both* permitted *and intended*." (Emphases in original.) *Vaughn v. City of West Frankfort*, 166 Ill. 2d 155, 160 (1995). Pursuant to the language of the statute, the intent of the local public entity is controlling. *Boub v. Township of Wayne*, 183 Ill. 2d 520, 525 (1998). "[A]n intended user of property is, by definition, also a permitted user; a permitted user of property, however, is not necessarily an intended user." *Id.* at 524.

¶ 11	To determine the intent of the local public entity, the Illinois Supreme Court has repeatedly instructed that it is necessary to look to the nature of the property itself. *Vaughn*, 166 Ill. 2d at 162-63; *Wojdyla v. City of Park Ridge*, 148 Ill. 2d 417, 426 (1992); see *Sisk v. Williamson County*, 167 Ill. 2d 343, 351-52 (1995). In other words, "it is necessary to look at pavement markings, signs, and other physical manifestations of the intended use of the property." *Boub*, 183 Ill. 2d at 528.

¶ 12	Prior to addressing the substance of plaintiff's claim, we note that defendant amended the relevant ordinance after the date of the incident, such that:

> "Any person operating or riding a bicycle in any alley in the City of Evanston assumes the risk of operating that bicycle in any alley as that person shall not be considered to be an intended user of an alley. The City shall have no duty to upgrade and maintain alleys for purposes of bicyclists operating bicycles in alleys. Persons operating or riding a bicycle as an unintended user in an alley will not be liable for any fine under this subsection." Evanston Municipal Code § 10-9-4(M) (adopted Oct. 8, 2012).

The amendment was approved on October 8, 2012, but it "shall be in full force and effective as of June 1, 2010, *nunc pro tunc*." Evanston Municipal Ordinance 99-O-12, § 6 (adopted Oct. 8, 2012). In determining whether a statute operates retroactively for purposes of substantive due process, we consider if the city council has clearly indicated the temporal reach of the statute. *Consiglio v. Department of Financial & Professional Regulation*, 2013 IL App (1st) 121142, ¶ 14. If so, absent a constitutional prohibition, the legislature's intent as expressed must be given effect. *Id.* We note that municipal ordinances are governed under

the same general rules of statutory interpretation as state legislation. *Morgan Place of Chicago v. City of Chicago*, 2012 IL App (1st) 091240, ¶ 54.

¶ 13    In this case, the Evanston city council clearly expressed its temporal intent by stating that the amendment was effective as of June 1, 2010, which was prior to the September 4, 2010, incident. The Illinois Constitution, however, prohibits the legislature from arbitrarily eliminating a cause of action unless it is a reasonable exercise of the legislature's police power in providing for general welfare. *M.E.H. v. L.H.*, 283 Ill. App. 3d 241, 249 (1996). We cannot state that the Evanston city council reasonably exercised its police power in arbitrarily eliminating plaintiff's cause of action here. We, therefore, turn to the substance of the case.

¶ 14    In this case, there was nothing in the alley that would suggest it was intended for use by bicycles. More specifically, there were no pavement markings or signs indicating that bicyclists, like motorists, were intended to ride in the alley. *Cf. Cole v. City of East Peoria*, 201 Ill. App. 3d 756 (1990) (applying section 3-102(a) of Tort Immunity Act, the appellate court concluded that the municipality was liable for an injury caused when a bicyclist's tire became stuck in a sewer grate because special pavement markings demonstrated that the city intended and permitted bicyclists to use the area where the accident occurred). We recognize that plaintiff's photographs of the alley in question provided signs stating "One Way" and "Do Not Enter," as well as having a stop sign located at the mouth of the alley, and that "[b]icyclists, unlike pedestrians, are guided by some of the same signs and pavement markings that motorists observe." *Boub*, 183 Ill. 2d at 528. However, the signs described were consistent with plaintiff's permitted use of the alley along with motorists and does not suggest that bicyclists were intended users of the alley. Contrary to plaintiff's argument, the fact that defendant later amended, in 2012, the Evanston Municipal Code to expressly state "[b]icyclists operating or riding bicycles in an alley are not intended users of the alley" does not demonstrate that bicyclists were intended users of the alleys at the time in question. Evanston Municipal Code § 10-9-7 (adopted Oct. 8, 2012). "Subsequent remedial measures or warnings, of course, may not be used as evidence of negligence." *Boub*, 183 Ill. 2d at 529. We do not find that defendant's subsequent amendment can be interpreted to establish its prior intent in favor or against plaintiff.

¶ 15    Plaintiff, however, argues that his pleadings and supportive documents demonstrated defendant's intent that bicyclists were authorized users of the alleys. In particular, plaintiff cited section 10-9-4 of the Evanston Municipal Code, which stated that "[e]very person operating a bicycle [,*e.g.*, every device propelled by human power upon which any person may ride having 2 tandem wheels either of which is more than 16 inches in diameter (Evanston Municipal Code § 10-9-1 (adopted Oct. 8, 2012))] upon a roadway shall be granted all the rights and be subject to all the duties applicable to the operator of a vehicle." Evanston Municipal Code § 10-9-4(A) (adopted Oct. 8, 2012). Plaintiff additionally cited the Evanston Municipal Code wherein bicycle riding is specifically prohibited on sidewalks in the central business district or any other district where signs prohibiting sidewalk riding are posted. Evanston Municipal Code § 10-9-4 (adopted Oct. 8, 2012). Section 10-9-7 of the Evanston Municipal Code also stated:

> "The traffic engineer, by and with the consent of the city council, is authorized to designate certain streets or portions thereof as bicycle routes and/or may prohibit bicycle

traffic. Upon such designation, signs shall be erected giving notice thereof. No person may ride upon a street, roadway or sidewalk upon which is posted a sign prohibiting bicycle traffic." Evanston Municipal Code § 10-9-7 (adopted Oct. 8, 2012).

¶ 16    Moreover, plaintiff relied on a bicycle map created by the Evanston department of public works which only prohibited bikes on a stretch of road on Ridge Avenue. The map further stated that "a bicycle is a vehicle and you are the driver. When you ride in the street, obey all traffic signs, signals and lane markings. When you ride on the sidewalk in permitted areas, yield to pedestrians." Overall, plaintiff contends that the evidentiary support demonstrates defendant's intent that bicyclists were subject to the same rights and duties applicable to operators of vehicles.

¶ 17    Our review of plaintiff's pleadings and documents merely demonstrates that bicyclists were *permitted* to use the alley. Nothing in the sections of the Evanston Municipal Code cited by plaintiff nor on the bike map expressly provides that bicyclists were intended to use the alleys. Rather, section 10-9-4 of the Evanston Municipal Code evinces the city council's intent to *permit* bicycles to operate on *roadways*, in that the ordinance grants every person operating a bicycle *upon a roadway* all rights and subjects bicyclists to all duties applicable to the operator of a vehicle. See Evanston Municipal Code § 10-9-4 (adopted Oct. 8, 2012). However, a roadway was defined as "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel" (Evanston Municipal Code § 10-9-1 (adopted Oct. 8, 2012)) and a vehicle was defined as "[e]very device in, upon or by which any person or property is or may be transported or drawn upon a street, *except devices moved by human power*" (emphasis added) (Evanston Municipal Code § 10-1-3 (adopted Oct. 8, 2012)). At the time in question, the ordinance was silent as to alleys in particular. Therefore, the language of the ordinances merely demonstrates the city council's intent that bicycles were permitted to use the roadways.

¶ 18    To the extent plaintiff argues that the Evanston bike map provided a basis for demonstrating defendant's intent that bicyclists use alleys because the map only prohibited bike riding in a single stretch of road, we are unconvinced. Similar to the plaintiff in *Latimer*, plaintiff cites no authority for the proposition that a ban on use in one place implies that the use is necessarily intended elsewhere. *Latimer*, 323 Ill. App. 3d at 471. As the *Latimer* court stated:

    "The consequences of such a proposition would be untenable. Consider, for example, a municipality that has banned smoking in its government buildings. Although the municipality might permit smoking in the outdoor areas surrounding those buildings, it would be absurd to conclude that the municipality *intended* for people to smoke in such areas." (Emphasis in original.) *Id.*

We agree. Moreover, the map in evidence, which was dated after the accident on September 13, 2011, reveals designated bike lanes, bike routes, and off-street bike paths. None of these areas designated for bike use included alleys. See *Diefendorf v. City of Peoria*, 308 Ill. App. 3d 465, 470 (1999).

¶ 19    Section 10-9-4 of the Evanston Municipal Code has language nearly identical to section

11-1502 of the Illinois Vehicle Code (625 ILCS 5/11-1502 (West 2010)) and defines "bicycle" in an almost identical manner (625 ILCS 5/1-106 (West 2010)). The supreme court in *Boub* found that section 11-1502 of the Illinois Vehicle Code was "designed to ensure that bicyclists, for their own safety and the safety of others, obey traffic laws while they are on public streets and highways." *Boub*, 183 Ill. 2d at 529-30. Morever, the supreme court concluded that the provision was "entirely consistent with the conclusion that bicyclists are permitted, but not intended, users of the roads, in the absence of specific markings, signage, or further manifestations of the local entity's intent that would speak otherwise." *Id.* at 530. Similarly here, where there were no specific markings, signage, or further manifestations of defendant's intent expressly allowing or prohibiting bicycle riding in the alley, we find that bicyclists were *permitted* to use the alley, but not *intended* users of the alley.

¶ 20     Plaintiff argues that *Boub* is not controlling here because *Boub* was dismissed on summary judgment and not pursuant to a motion to dismiss, as was the case here. The question for a reviewing court at the motion to dismiss stage for a section 2-619 motion is whether a genuine issue of material fact exists which precludes dismissal and whether the affirmative matter negates the plaintiff's cause of action completely or refutes critical conclusions of law or conclusions of material unsupported fact (*Turner*, 355 Ill. App. 3d at 892), while the question for the reviewing court at the summary judgment stage is whether the pleadings, depositions, and admissions on file, together with the affidavits, present no genuine issue of material fact and show the moving party is entitled to judgment as a matter of law (*Latimer*, 323 Ill. App. 3d at 468). "The only significant difference between the treatment of a motion under section 2-619(a)(9) as opposed to under section 2-1005 [summary judgment] is that, under the former, a judge potentially may weigh evidence and resolve factual disputes, while under the latter, a material factual dispute will preclude summary adjudication." *Turner*, 355 Ill. App. 3d at 892. That difference is negated in situations, such as the one before this court, where the facts are not in dispute. See *id.* To the extent the *Boub* court did not have access to a relevant municipal ordinance, we find our decision is more firmly supported where we do have access to the relevant municipal ordinances, yet have found parallels to the Illinois statutes cited in *Boub*.

¶ 21     Finally, plaintiff argues his admission in prior pleadings that he was riding a bicycle is not a proper judicial admission where the factual conclusion should not be considered in the calculus of a legal conclusion regarding defendant's intent. In other words, plaintiff argues that his admission that he was riding a bike, a factual conclusion, should not negate this court's ability to consider whether a bicycle is a vehicle for purposes of the Evanston Municipal Code, a legal conclusion.

¶ 22     A judicial admission is a "deliberate, clear, unequivocal statement of a party, about a concrete fact, within the party's peculiar knowledge." (Internal quotation marks omitted.) *Rath v. Carbondale Nursing & Rehabilitation Center, Inc.*, 374 Ill. App. 3d 536, 538 (2007). We recognize that plaintiff does not dispute the admission that he rode a bicycle but, rather, disputes the use of that admission as a legal conclusion that a bicycle was not a vehicle. However, based on the definitions of bicycle and vehicle in the Evanston Municipal Code, we make the legal conclusion that a bicycle was not a vehicle for our purposes. See Evanston Municipal Code §§ 10-9-1, 10-1-3 (adopted Oct. 8, 2012). As defined, a vehicle was "[e]very

device in, upon or by which any person or property is or may be transported or drawn upon a street, *except devices moved by human power*" (emphasis added) (Evanston Municipal Code § 10-1-3 (adopted Oct. 8, 2012)), while a bicycle was "[e]very device *** propelled by human power upon which any person may ride, having two (2) tandem wheels" (Evanston Municipal Code § 10-9-1 (adopted Oct. 8, 2012)). To the extent the Evanston bike map provided that "a bicycle is a vehicle and you are the driver," we find the express language of the ordinance controls.

¶ 23    In conclusion, because plaintiff was not an intended user of the alley in which he sustained injuries, defendant is immunized from liability pursuant to section 3-102(a) of the Tort Immunity Act.

¶ 24                                    CONCLUSION

¶ 25    We affirm the judgment of the circuit court dismissing plaintiff's third amended complaint.

¶ 26    Affirmed.

¶ 27    PRESIDING JUSTICE GORDON, concurring in part and dissenting in part.

¶ 28    I concur with the majority's conclusions: (1) that the City of Evanston acted arbitrarily when it attempted to eliminate plaintiff's cause of action by passing an ordinance which stated that it applied retroactively to a date shortly before plaintiff's accident; (2) that the City's action in passing this retroactive ordinance was not a reasonable exercise of the City's police power in providing for the general welfare; and (3) that bicyclists are permitted users of alleys. *Supra* ¶¶ 13, 17.

¶ 29    However, I must write separately because I dissent from the majority's conclusion that bicyclists are not intended users of alleys. *Supra* ¶ 17.

¶ 30    In the Chicago area, it is common for garages to open onto alleys. It is also common, in the Chicago area as elsewhere, for people to store their bicycles, as well as their vehicles, in their garages. The obvious intended purpose of an alley that has garages opening onto it is to provide access to the things that people commonly store in those garages, such as bicycles and vehicles. *DeMambro v. City of Springfield*, 2013 IL App (4th) 120957, ¶ 25 (pedestrians were "clearly intended" to be near where they park their vehicles); *Gutstein v. City of Evanston*, 402 Ill. App. 3d 610, 620 (2010) (pedestrians were intended users of an alley where they deposit their garbage for pickup).

¶ 31                                Standard of Review

¶ 32    On this appeal from a section 2-619 dismissal, our review is *de novo*, and we must consider whether a genuine issue of material fact precludes dismissal. *Supra* ¶ 9 (citing *Turner v. 1212 S. Michigan Partnership*, 355 Ill. App. 3d 885, 892 (2005), and *Brennan v. Kadner*, 351 Ill. App. 3d 963, 967 (2004)). In addition, because the Tort Immunity Act is in derogation of the common law, we must construe the Act strictly against the municipal

defendant. *Gutstein*, 402 Ill. App. 3d at 616. In cases under the Tort Immunity Act, determinations are often "fact-specific." *Gutstein*, 402 Ill. App. 3d at 619. This is because whether a plaintiff was an intended user of an area often turns on the plaintiff's purpose in being in that area. Thus, in *Gutstein*, we held that a pedestrian was an intended user of an alley where the City of Evanston established a policy requiring her to enter the alley in order to deposit her garbage there for pick-up. *Gutstein*, 402 Ill. App. 3d at 618. Similarly, in *DeMambro*, the appellate court held that a pedestrian was an intended user of the area near her lawfully parked vehicle. *DeMambro*, 2013 IL App (4th) 120957, ¶ 25. Although I would find for the reasons explained below that plaintiff was an intended user no matter what his purpose, a dismissal at this point in the litigation is also premature since there remains a question of material fact concerning his purpose for using the alley.

¶ 33                                    Permitted and Intended User

¶ 34      As the majority correctly observes, for plaintiff to recover, he must show that he was both an intended and permitted user of the alley. *Supra* ¶ 10; *Boub v. Township of Wayne*, 183 Ill. 2d 520, 524 (1998). There is no dispute that plaintiff was a permitted user. As the majority recognizes, plaintiff's photographs of the alley in question showed signs stating "One Way" and "Do Not Enter," and these signs applied equally to both vehicles and bicycles. *Supra* ¶ 14; *Boub*, 183 Ill. 2d at 528 (the fact that bicyclists are governed by the same signs as motor vehicles indicates they are permitted users, but not necessarily intended users).

¶ 35      Plaintiff also cites section 10-9-4 of the Evanston Municipal Code, which stated that "[e]very person operating a bicycle upon a roadway shall be granted all rights and be subject to all duties applicable to the operator of a vehicle." Evanston Municipal Code § 10-9-4 (adopted Oct. 8, 2012). Thus, the operator of a bicycle had the same "rights" as the operator of a motor vehicle to drive on a "roadway," such as an alley leading to where he or she could park in a garage. *Boub*, 183 Ill. 2d at 529 (the fact that bicyclists have the same rights and duties as motor vehicle drivers indicates they are permitted users, but not necessarily intended users). I find these arguments persuasive and, like the majority, conclude that plaintiff was a permitted user.

¶ 36      In support of his argument that he was also an intended user, plaintiff cites section 10-9-7 of the Evanston Municipal Code, which states that: "The traffic engineer, by and with consent of the city council, is authorized to designate certain streets or portions thereof as bicycle routes and/or may prohibit bicycle traffic. Upon such designation, signs *shall be erected giving notice thereof*." (Emphasis added.) Evanston Municipal Code § 10-9-7 (adopted Oct. 8, 2012). "The use of the word 'shall' means that it is mandatory ***." *People v. Dominguez*, 2012 IL 111336, ¶ 17; *People v. Robinson*, 217 Ill. 2d 43, 51 (2005) (" 'shall' means shall," and thus is "obligatory"); *People v. Lampitok*, 207 Ill. 2d 231, 261 (2003) ("[T]he primary definition of 'shall' is, '[h]as a duty to; more broadly, is required to.' Black's Law Dictionary 1379 (7th ed. 1999)."). Thus, the City was required to post a sign to indicate if a street was not intended for bicyclists. Since the City failed to give notice of its alleged intent by posting a sign as required by its own municipal ordinance, it cannot now be heard to complain that it did not intend for bicyclists to use the alley.

¶ 37     In *Gutstein*, we held that "physical manifestations of the City's intent" are not required where "the City has established a policy." *Gutstein*, 402 Ill. App. 3d at 618. Similarly, in the case at bar, the City of Evanston has established an express policy that it will post signs where it intends to prohibit bicycle traffic. Evanston's express policy, upon which its citizens are entitled to rely, precludes it from now arguing that it did not intend bicyclists to use the alley.

¶ 38                                         Conclusion

¶ 39     In light of both Evanston's stated policy to post signs and the obvious intended purpose of alleys to provide access to the vehicles and bicycles commonly stored in the garages that open onto those alleys, I conclude that plaintiff as a bicyclist was an intended user of the alley. In addition, as I discussed in the above section concerning our standard of review, the absence of any evidence concerning plaintiff's purpose in using the alley creates a genuine issue of material fact that precludes a section 2-619 dismissal. For these reasons, I must respectfully dissent from the majority's conclusion that plaintiff was not an intended user.