# Illinois Official Reports

## Appellate Court

---

*Mei Pang v. Farmers Insurance Group*, 2014 IL App (1st) 123204

---

| | |
|---|---|
| Appellate Court Caption | MEI PANG, Plaintiff-Appellant, v. FARMERS INSURANCE GROUP, Defendant-Appellee. |
| District & No. | First District, Fourth Division<br>Docket No. 1-12-3204 |
| Filed | May 1, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Although plaintiff was injured in a vehicular collision while she was a permissive passenger in a vehicle owned by another individual, plaintiff was not an "insured" under the umbrella policy issued by defendant to the owner of the car and the owner's husband, and plaintiff was not entitled to underinsured motorist coverage under the umbrella policy, since umbrella policies and primary automobile policies are distinct and an umbrella policy is outside the scope of the laws applicable to underinsured motorist coverage; therefore, plaintiff's action seeking a declaration that underinsured motorist coverage existed under the umbrella policy was properly dismissed. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CH-37672; the Hon. Rita M. Novak, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Keith G. Carlson, of Carlson Law Offices, of Chicago, for appellant.

Danny L. Worker, Siobhan M. Murphy, and Leena Soni, all of Lewis Brisbois Bisgaard & Smith LLP, of Chicago, for appellee.

Panel

JUSTICE LAVIN delivered the judgment of the court, with opinion. Presiding Justice Howse and Justice Fitzgerald Smith concurred in the judgment and opinion.

## OPINION

¶ 1  Plaintiff Mei Pang sustained an injury while riding as a passenger in a vehicle that was not her own (permissive passenger) following a vehicle collision. Plaintiff filed a declaratory action against defendant Farmers Insurance Group, and defendant subsequently filed a motion to dismiss the complaint under section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2010)), contending plaintiff did not qualify as an "insured" under the umbrella policy. Plaintiff now appeals from the trial court's order granting defendant's motion to dismiss. Although she cites no specific statute, she argues, as she did below, that as a permissive passenger she was entitled to underinsured motorist (UIM) coverage under the umbrella policy. She also challenges the validity of the reconstructed insurance policy. In addition, plaintiff asserts that the trial court erred in denying plaintiff's motion to compel the production of relevant documents. We affirm.

¶ 2                    BACKGROUND

¶ 3  We recite only those facts necessary to understand the issues raised on appeal. On January 2, 2002, plaintiff sustained injury as a passenger in a vehicle operated by Ingrid Chan when a collision occurred with a vehicle operated by Donald McGinnis, an underinsured motorist. McGinnis's insurer paid plaintiff $100,000 to settle her claim. At the time of the collision, Ingrid and her husband, Ezra Chan (collectively, the Chans), were the named insureds on a special umbrella policy (umbrella policy) issued to them by defendant. Shortly thereafter, on March 7, 2002, while the underlying claims related to the collision were pending, defendant's underwriting supervisor Dwight Hoskins provided a reconstructed copy of the Chans' umbrella policy with an affidavit certifying its authentication. The record suggests that the Chans no longer possessed the original policy, and thus, defendant reconstructed the policy based on its records, a common practice in insurance disputes.

¶ 4  More than eight years later, on July 7, 2010, plaintiff filed a complaint for UIM coverage under both the umbrella policy issued by defendant and a primary auto insurance policy issued to the Chans by another insurer, Mid-Century Insurance Company (Mid-Century). Mid-Century immediately settled plaintiff's claim for $150,000. Defendant filed an answer

denying plaintiff coverage under the umbrella policy because plaintiff did not fall within the umbrella policy's definition of "insured." The umbrella policy explicitly defined "insured" to cover (1) the named insureds (the Chans); (2) the named insureds' relatives by blood, marriage or adoption; or (3) any person under the age of 21 in the care of the named insureds. In addition to denying coverage, defendant filed a counterclaim for declaratory relief seeking a declaration of no coverage. Plaintiff also filed a declaratory action, and the trial court granted plaintiff leave to file an amended complaint in which she alleged that she was legally entitled to UIM coverage under the umbrella policy because she was a permissive passenger in the Chans' vehicle.

¶ 5     On February 18, 2011, defendant moved to dismiss plaintiff's amended complaint pursuant to section 2-619(a)(9) because plaintiff was a passenger and did not fit within the umbrella policy's definition of insured, which defeated her claim. See 735 ILCS 5/2-619(a)(9) (West 2010). Hoskins' affidavit supported the motion seeking to establish that the reconstructed policy was an accurate copy of the policy issued to the Chans. In addition, defendant provided an affidavit by its attorney Siobhan Murphy, who attested to having received an identical reconstructed copy of the Chans' policy through the Chans' own attorney, Philip Corboy, Jr. Furthermore, Mark Bazzanella, another attorney involved in the underlying action, provided an affidavit attesting that he possessed only the reconstructed policy and neither the Chans nor their counsel had any other umbrella policy in their possession. The trial court also allowed plaintiff to conduct limited discovery to determine if there was another policy in effect. Defendant responded to written discovery but challenged the production of other materials, including the underwriting file for the policy, privileged communication with the Chans, and underwriting manuals. Plaintiff then filed a motion to compel, which the trial court denied after finding that the requested material was unnecessary for the limited purpose of the motion to dismiss. The trial court, however, struck Hoskins' affidavit from the record at plaintiff's request and allowed plaintiff to depose Hoskins.

¶ 6     Hoskins testified that at the time the initial complaint was filed, he was defendant's umbrella underwriting supervisor. Hoskins trained for this position by working with the department manager and studying manuals regarding umbrella policies and their reconstruction. In certifying a reconstructed policy, Hoskins would meet with the employee who assembled the electronic data, review all forms pertaining to the policy, and verify the time period before certifying the reconstruction. Hoskins further testified that defendant only issued two umbrella policy forms during the time in question, personal and commercial. He did not know the difference between a "personal umbrella policy" and a "Farmer's special personal umbrella policy." He was unclear why the front page of the Chans' reconstructed policy read "personal umbrella policy," while the back page read "Farmer's special personal umbrella policy."

¶ 7     On June 4, 2012, the trial court heard argument and granted defendant's motion to dismiss the amended complaint with prejudice. The court noted that the umbrella policy in the record was the best evidence of the proper policy and, according to that, plaintiff did not qualify as an insured. In addition, there was no public policy that barred defendant and its insureds from limiting the definition of "insured" in its umbrella policy to provide coverage solely for the named insureds and their family members residing in their household. On October 1, 2012, the trial court also denied plaintiff's motion to reconsider. Plaintiff timely filed this notice of appeal.

¶ 8                                                 ANALYSIS

¶ 9          Plaintiff now challenges the trial court's order granting defendant's motion to dismiss. A section 2-619(a)(9) motion admits the legal sufficiency of the complaint, but asserts that it is barred by some other affirmative matter. 735 ILCS 5/2-619(a)(9) (West 2010); *Berz v. City of Evanston*, 2013 IL App (1st) 123763. In considering the motion, all well-pleaded facts and reasonable inferences drawn therefrom are admitted, and all pleadings and supporting documents are construed in a light most favorable to the nonmoving party. *Id.* When reviewing a section 2-619 motion to dismiss, we must consider whether a genuine issue of material fact exists that precludes dismissal and whether the affirmative matter negates the plaintiff's cause of action completely or refutes critical conclusions of law or conclusions of material unsupported fact. *Turner v. 1212 S. Michigan Partnership*, 355 Ill. App. 3d 885, 892 (2005). We review *de novo* the dismissal of a complaint pursuant to section 2-619. *Brennan v. Kadner*, 351 Ill. App. 3d 963, 967 (2004).

¶ 10         Without citing to a specific statute, plaintiff contends that under Illinois law, she was entitled to UIM coverage under the Chans' umbrella policy issued by defendant. When construing the language of an insurance policy, the court's primary objective is to ascertain and effectuate the intention of the parties as expressed in their agreement. *Travelers Insurance Co. v. Eljer Manufacturing, Inc.*, 197 Ill. 2d 278, 293 (2001). Unambiguous words must be given their plain, ordinary, and popular meaning, whereas words that are susceptible to more than one reasonable interpretation are ambiguous and will be construed in favor of the insured and against the insurer that drafted the policy. *Id.*

¶ 11         In Illinois, umbrella policies and primary auto policies are distinct policies. *Hartbarger v. Country Mutual Insurance Co.*, 107 Ill. App. 3d 391, 396 (1982). An umbrella policy is intended to protect the insured against excess judgments and the risks and premiums are calculated accordingly. *Id.* Under section 143a-2(5) of the Illinois Insurance Code (Code), insurers may, but are not required to, provide uninsured or underinsured motorist (UM/UIM) coverage in umbrella policies. 215 ILCS 5/143a-2(5) (West 2010); *Cincinnati Insurance Co. v. Miller*, 190 Ill. App. 3d 240, 248 (1989) (insurers providing personal liability coverage on an excess or umbrella basis are neither required to offer, nor are they prohibited from offering, or making available coverages conforming to this section on a supplemental basis). An umbrella policy does not provide the same type of coverage as an automobile policy and consequently falls outside the scope of Illinois UIM insurance laws. *Cope v. State Farm Fire & Casualty Co.*, 326 Ill. App. 3d 468, 471 (2001).

¶ 12         Contrary to plaintiff's contention, the plain meaning of the umbrella policy at issue here does not provide UIM benefits to permissive passengers. The policy clearly defines "insured" as (1) the named insureds, (2) the named insureds' relatives by blood, marriage or adoption, or (3) any person under the age of 21 in the care of the named insureds. See *Allstate Property & Casualty Insurance Co. v. Trujillo*, 2014 IL App (1st) 123419, ¶ 18. Plaintiff does not fall into any one of these defined categories.

¶ 13         Nonetheless, plaintiff contends that as a passenger she is entitled to UIM coverage under the umbrella policy, because both Illinois statutory and case law mandate that bodily injury liability coverage include permissive passengers in the definition of insured, and thus, no UM/UIM liability coverage may exclude them. In support of her contention, plaintiff relies on *Schultz v. Illinois Farmers Insurance Co.*, 237 Ill. 2d 391, 394 (West 2010). In *Schultz*, the supreme court held insurance companies cannot exclude permissive passengers from

qualifying as insured parties under a *primary* auto liability policy's coverage for UIM motorists because the exclusionary practice violated section 143a-2(5) of the Code. 215 ILCS 5/143a-2(5) (West 2010); *Schultz*, 237 Ill. 2d at 394. Primary policies must be all encompassing, but the coverage of an umbrella policy is discretionary between the insurer and insured.

¶ 14    We find plaintiff's reliance on *Schultz* misplaced. The court limited its holding and did not extend this ruling to encompass umbrella policies. *Id.* Here, since plaintiff is seeking coverage under an umbrella, not a primary insurance policy, the holding in *Schultz* does not apply. See *Phoenix Insurance Co. v. Rosen*, 242 Ill. 2d 48, 57-58 (2011).

¶ 15    In addition, there is no statutory or public policy requirement obligating defendant to provide UIM coverage to plaintiff under the umbrella policy. See *Cope v. State Farm Fire & Casualty Co.*, 326 Ill. App. 3d 468, 471 (2001) (the minimum statutory insurance requirements and public policy arguments related to primary auto liability insurance are not applicable to umbrella insurance policies); *Beck v. Budget Rent-A-Car*, 283 Ill. App. 3d 541, 545 (1996) (an umbrella policy was not required to offer UIM coverage unless the policy itself stated otherwise). Moreover, plaintiff's brief fails to cite any relevant case law in support of her argument. It is well settled that a contention that is supported by some argument, but does not cite relevant legal authority, does not satisfy the requirements of Illinois Supreme Court Rule 341(h)(7) (eff. Feb. 6, 2013); *In re Marriage of Ricketts*, 329 Ill. App. 3d 173, 177 (2002) ("[t]he appellate court is not a depository onto which a litigant may dump the burden of research and review"). We find no genuine issue of material fact and need not consider this contention further.

¶ 16    Plaintiff next contends that the reconstructed policy produced by defendant was not an accurate reconstitution of the original policy. Plaintiff, however, fails to provide evidence or opposing testimony to establish that the reconstructed policy was inaccurate. See *Seegers Grain Co. v. Kansas City Millwright Co.*, 230 Ill. App. 3d 565, 569 (1992). Hoskins provided uncontradicted testimony detailing defendant's reconstruction process, and plaintiff fails to cite to any relevant law that suggests the only way for a policy to be authenticated is through a step-by-step analysis of its actual reconstruction. See Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013); *Sakellariadis v. Campbell*, 391 Ill. App. 3d 795, 804 (2009) (this court has held that the failure to elaborate on an argument or cite persuasive and relevant authority results in waiver of that argument). In addition, defendant provided ample evidence with the affidavits of Murphy and Bazzanella to authenticate the policy. Specifically, Murphy attested that she received the reconstructed umbrella policy relied on by defendant from the Chans' own attorney in an underlying coverage case. The Chans invoked the umbrella policy on their own behalf in this matter suggesting this was the actual policy, and plaintiff provided no evidence to the contrary. Furthermore, there is no evidence that there was both a "special personal umbrella policy" and a "personal umbrella policy" as plaintiff suggests. Plaintiff was given 15 months to conduct discovery and found no contrary evidence.

¶ 17    In the alternative, plaintiff contends that the trial court erred in denying the motion to compel the production of relevant documents, including the Chans' underwriting file, policy forms, and underwriting manuals. Generally, rulings with regard to discovery are subject to the abuse of discretion standard of review. *Regency Commercial Associates, LLC v. Lopax, Inc.*, 373 Ill. App. 3d 270, 285 (2007). The threshold relevance requirement in discovery is whether items requested are actually relevant to issues in the case. *Id.* Based on the record, the trial

court did not abuse its discretion by denying plaintiff's motion to compel because she could not demonstrate the relevancy of the materials requested. While plaintiff may have been hoping to discover some alternate policy that would have provided her coverage, there is no evidence that any such policy existed, and we will not disturb the sound judgment of the trial court. See *CitiMortgage, Inc. v. Bermudez*, 2014 IL App (1st) 122824, ¶ 81. In addition, plaintiff again cites no relevant legal authority in support of her argument. See Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013); *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991). Thus, we find no abuse of discretion on the part of the trial court.

¶ 18                              CONCLUSION
¶ 19        Based on the foregoing, we affirm the judgment of the circuit court of Cook County.

¶ 20        Affirmed.